UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                      :
PATRICIA FAIRMAN and RALPH URBAN,    :
                      :
             Plaintiffs,    :    19-CV-4613 (JMF)
                      :
      -v-                    :    MEMORANDUM OPINION
                      :    AND ORDER
HUTCHINSON FAIRMAN,                  :
                      :
             Defendant.    :
                      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On August 5, 2019, Plaintiffs filed a "notice of contact to schedule conference" requesting, in relevant part, that the Court "set aside" the parties' settlement agreement as "[f]raud[ulent]." ECF No. 16. Later that day, Defendant filed a letter objecting to Plaintiffs' request and maintaining that, pursuant to the Court's August 2, 2019 endorsement of the parties' stipulation of voluntary dismissal, *see* ECF No. 15, [1] the case has been dismissed with prejudice. ECF No. 17. The gravamen of Plaintiffs' challenge to the settlement agreement — and, by extension, to the so-ordered stipulation of dismissal — is that they did not know, before signing the documents, that the Court had referred the case to a Magistrate Judge for settlement. ECF No. 16; *see* ECF No. 13 (the "Referral Order").

A stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure — such as the one that the parties signed and the Court endorsed — is "treated as a final judgment or order under Rule 60(b)." *Crystal Waters Shipping Ltd. v. Sinotrans Ltd.*

---

[1]     The stipulation would have been effective even absent the Court's endorsement. *See Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911, 916 (2d Cir. 1998).

*Project Transp. Branch*, 633 F. Supp. 2d 37, 40 n.1 (S.D.N.Y. 2009) (citation omitted). And under Rule 60(b), the Court may, "[o]n motion and just terms," relieve a party from such an order in only limited, enumerated circumstances, including where there is "fraud . . . , misrepresentation, or other misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). In order to prevail on a motion pursuant to Rule 60(b)(3), the party seeking such relief must present clear and convincing evidence of "material misrepresentations" by an opposing party that prevented him "from fully and fairly presenting his case." *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (internal quotation marks and citations omitted). Further, and as relevant here, "[w]hen the parties submit to an agreed-upon disposition instead of seeking a resolution on the merits . . . , the burden to obtain Rule 60(b) relief is heav[y]," *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986), meaning that such relief is generally unavailable to a party that simply "comes to regret his decision to voluntarily dismiss his case," *Bey v. Iaquinto*, No. 12-CV-5875 (JCF), 2016 WL 462412, at *3 (S.D.N.Y. Feb. 4, 2016) (citing cases).

To date, Plaintiffs have submitted no motion, under Rule 60(b)(3) or otherwise, for relief from the parties' so-ordered dismissal stipulation. But liberally construing their "notice of contact to schedule conference" to be such a motion, their conclusory assertions that they suffered "[d]uress" and were "lured" into settling "through the use of [f]raudulent [c]oncealment" of the Court's Referral Order would not come close to establishing the clear-and-convincing evidence required by Rule 60(b)(3) or to meeting the heavy burden assigned to parties that seek relief from voluntary dismissal. *See* ECF No. 16. Nor would it be enough to warrant relief under any other provision of Rule 60(b). That is, regardless of whether Plaintiffs knew that the Court referred the case to a Magistrate Judge before they signed the settlement agreement and/or the dismissal stipulation, their "notice of contact to schedule conference" does

not articulate a legal basis for relief. In light of that, to the extent that Plaintiffs' notice seeks any relief, the request is DENIED. This case is and will remain closed.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

SO ORDERED.

Dated: August 7, 2019
New York, New York

JESSE M. FURMAN
United States District Judge